FELIPE MIRANDA, Intervener and Appellee, *v.* JOSÉ DÍAZ MIRÓ, Defendant and Appellant; CARMELO PAGÁN, Defendant.

No. 6049. Argued February 6, 1935.—Decided February 15, 1935.

*Dubón & Ocholeco* for appellant.  *Martínez Nadal & Martínez Rivera* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

In October 1931, José Díaz Miró instituted, in the District Court of San Juan, an action against Carmelo Pagán to recover the sum of $848.59, and he applied for and obtained an order to secure the effectiveness of any judgment that might be rendered in the action. In pursuance thereof, the Marshal of the District Court of Humacao was directed to attach sufficient property of the defendant to cover the sum claimed in the complaint, together with interest thereon, costs, expenses, and attorney's fees. In carrying out this order, the Marshal of the District Court of Humacao attached in the town of Juncos, as belonging to the said Carmelo Pagán, a Ford automobile among other property. In November 1931, Felipe Miranda claimed the said automobile as his property, and presented to the Marshal of the District Court of Humacao the proper affidavit, together with a bond signed by two sureties. That officer delivered to the intervener, Felipe Miranda, the automobile claimed, which was appraised at $250. The affidavit and the bond were filed by the marshal in the office of the Clerk of the District Court of Humacao, who served all the parties with notice of the filing of said papers, for all legal purposes. The plaintiff in the main action, José Díaz Miró, entered his appearance in said proceeding, but the other parties failed to do so, whereupon the said José Díaz Miró on December 22, 1931, filed in the District Court of Humacao a motion for a judgment dis-

missing the claim of the intervener and ordering him to deliver to the Marshal of the District Court of Humacao the property claimed by him, or in case of default in such delivery, to adjudge said intervener and his sureties to pay the value of the vehicle claimed. In deciding said motion, the District Court of Humacao, on January 26, 1932, rendered a judgment dismissing the claim of the intervener and ordering the restitution of the said vehicle to the marshal, with all the other pronouncements authorized by the Act regulating the procedure in cases of intervention proceedings in the attachment of real and personal porperty. The intervener moved to reconsider this judgment because, among other reasons, in his opinion the District Court of Humacao lacked jurisdiction of the case and had no authority to render the judgment entered, since the automobile the object of the intervention proceeding was valued at $250, the Municipal Court of San Lorenzo, and not the district court, being the one that should take cognizance of the proceeding as the automobile had been attached in the town of Juncos, within the jurisdiction of said municipal court. The plaintiff objected to the intervener's motion, which was sustained, and the judgment rendered on January 26, 1932, was set aside and the clerk ordered to return to the marshal the papers that were delivered to him, to be sent to the district court of the district comprising the municipal judicial district where the attachment was levied, as the proper court to take cognizance of the case.

The plaintiff in the main action, José Díaz Miró, took an appeal from that judgment, and assigned as error the holding of the lower court to the effect that it lacked jurisdiction to take cognizance of the proceeding and that the Municipal Court of San Lorenzo was the competent court.

The appellant argues that section 18 of the Act regarding intervention proceedings (*Ley de Tercerías*) fixes clearly and conclusively the competency to take cognizance of trials in intervention proceedings in the court having ju-

risdiction of the matter or main action where the order of attachment was decreed; and he believes that as the automobile was attached within the district of Humacao in a suit in which the claim amounts to $848.59, it is the District Court of Humacao and not the Municipal Court of San Lorenzo that is competent to consider and decide the intervention proceedings.

This court, in the case of *Insular Motor Corporation* v. *District Court,* 41 P.R.R. 126, 129, after commenting on the various provisions of the Act to provide for the trial of the right to property (*Ley de Tercería*), which relate to the jurisdiction of the court called upon to act in deciding a third person's claim to attached property, said that sections 16 and 17 of the act should be applied where the property attached by a third person is situated in the same district where the attachment was decreed; but if that property is situated in another district, there arises the special case mentioned in sections 8 and 9 of the said act. Referring to those sections, this court said in the case cited:

"It is true that those sections do not specifically provide that the district court of the district where the attachment has been levied is the proper one to take cognizance of an intervention proceeding, and that the concluding words of section 8, 'having jurisdiction as hereinafter provided,' create some confusion, because what the act really thereafter provides is what we have already stated, to wit: that cognizance corresponds to the court having jurisdiction of the action in which the attachment has been issued. But, why should the law provide that 'the officer receiving such oath and bond shall indorse on such bond the value of the property as assessed by himself, *and shall forthwith return such bond and oath, with a copy of the writ, to the court of the district in which such levy was made,*' unless it be for the purpose designating such a court as the one to take cognizance of the intervention proceeding?"

In the case at bar, the automobile the object of the intervention proceeding was assessed at $250. The only doubt that might arise as to what court should intervene to decide the intervener's claim is in regard to the value of the prop-

erty attached. The act relating to proceedings in reclamation · (*Ley de Tercería*) does not specifically provide what court should act when the attachment is levied outside the judicial district where the main action originated. This court has endeavored to clarify the text of the statute in this particular, which is complicated and confused, in order to harmonize its several provisions. It was with this end in view that we decided in *Insular Motor Corporation* v. *District Court, supra,* that the intervention proceeding should be heard in the district where the attachment was levied. Where the action is instituted in a district court there is no doubt that if the attachment is levied in the same district, the proper court to take cognizance of the intervention proceeding is that where the main action was begun, whatever may be the value of the property attached. The same procedure should be followed where the property is situated in another district, irrespective of the amount. That is to say: in the instant case the intervention proceeding should be heard in the district court of the district where the attachment was levied. Also, the act provides that the oath and the bond shall be sent to the district court of the district where the attachment was levied. The words "district court," in their usual acceptation, mean a district court of general jurisdiction; and the court of the district where the attachment was levied in the instant case is the District Court of Humacao.

The order appealed from must be reversed.